1

2

3

4

5

6

7

8 **UNITED STATES DISTRICT COURT**

9 **EASTERN DISTRICT OF CALIFORNIA**

10

| | | |
|---|---|---|
| 11 | VINCENZO ROCCISANO, | ) Case No.: 1:13-cv-01108-LJO-SAB (PC) |
| 12 | Plaintiff, | ) ORDER DISMISSING ACTION FOR FAILURE |
| 13 | v. | ) TO COMPLY WITH COURT ORDER |
| 14 | SIX UNKNOWN NAMES AGENT, et al., | ) (ECF No. 3) |
| 15 | Defendants. | ) |
| 16 | | ) |

17     Plaintiff Vincenzo Roccisano is appearing pro se in this civil rights action pursuant to <u>Bivens</u>

18 <u>v. Six Unknown Agents</u>, 403 U.S.C. 388 (1971).

19     Plaintiff filed the action on July 18, 2013.  On July 23, 2013, the Court issued an order striking

20 the complaint from the record for lack of signature and for failure to state a cognizable claim.  The

21 Court granted Plaintiff thirty days to file an amended complaint and submit an application to proceed

22 in forma pauperis or pay the $400.00 filing fee.  More than thirty days have passed and Plaintiff has

23 not complied with or otherwise responded to the Court's order.  As a result, there is no pleading on file

24 which sets forth any claims upon which relief may be granted.  Plaintiff was warned that dismissal

25 would occur if he failed to obey the order.

26     The Court has the inherent power to control its docket and may, in the exercise of that power,

27 impose sanctions where appropriate, including dismissal of the action.  <u>Bautista v. Los Angeles</u>

28 <u>County</u>, 216 F.3d 837, 841 (9th Cir. 2000).  In determining whether to dismiss an action, the Court

must weigh "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (internal quotations and citations omitted).  These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action.  Id. (citation omitted).

Based on Plaintiff's failure to comply with the Court's order, the Court is left with no alternative but to dismiss the action for failure to prosecute.  Id.  This action can proceed no further without Plaintiff's cooperation and compliance with the order at issue, and the action cannot simply remain idle on the Court's docket, unprosecuted.  Id.  Accordingly, this action is HEREBY DISMISSED, without prejudice, for failure to obey a court order and failure to prosecute.

IT IS SO ORDERED.

Dated:   **September 23, 2013**          **/s/ Lawrence J. O'Neill**
UNITED STATES DISTRICT JUDGE

2